NO. 07-08-0419-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

JUNE 16, 2010

 

______________________________

 

 

SAMUEL R. MERMELLA, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 140TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2006-414,684; HONORABLE BRADLEY S. UNDERWOOD,
JUDGE

 

_______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

            Following pleas of not
guilty, Appellant, Samuel R. Mermella, was convicted by a jury of two counts of
sexual assault.[1]  Punishment was assessed by the jury at twenty
years confinement and a fine of $10,000 for each count.  Upon the State's motion, the trial court
ordered the periods of confinement to run consecutively.  We affirm.

Factual Background

The victim was born on October 30, 1990.  When she was in the seventh or eighth grade
and approximately thirteen or fourteen years old, she met Appellant[2]
and they engaged in sexual relations.  According
to the victim's testimony, she and Appellant were not dating nor otherwise
romantically involved and two years passed without any involvement between them.
 Then by chance their paths crossed and on
May 12, 2006, when the victim was fifteen years old and in the ninth grade, she
ended up at Appellant's house with Appellant, his younger brother, and two of
her female friends.  According to the
victim, when Appellant's brother and the two females walked to a nearby
convenience store for food, Appellant persuaded her to engage in sexual
relations.  

After Appellant's brother and the two females returned from
the store, one of the females left with another friend.  Appellant, his brother, the victim, and her
friend remained at Appellant's house. 
Later that night, the victim and Appellant went into his bedroom where,
according to the victim, they again engaged in sexual relations during the
early morning hours of May 13, 2006, before they both fell asleep.

The victim awoke to screams and yells by a young woman who had
turned on the bedroom lights.  The woman
was Appellant's wife.  Mrs. Mermella
threw the victim's shoes out of the house, located a baseball bat, and with the
assistance of a female friend commenced to beat the victim on her head, face,
and body.  When the victim was able to
get away she walked to a nearby convenience store where the attendant on duty offered
her a phone and she called her mother.  

When her mother arrived, police were called to the convenience
store to investigate an assault.  Officer
Shane Bledsoe was dispatched to the convenience store while other officers were
dispatched to Appellant's residence.  During
Officer Bledsoe's interview with the victim, she told him she had engaged in
sexual relations with Appellant on that night and also two years earlier.  After being questioned, she was taken to the
hospital by ambulance and Officer Bledsoe proceeded to Appellant's residence. 

At this point the assault investigation against Mrs. Mermella
merged with a sexual assault investigation involving Appellant.  According to the evidence, Officer Green
administered Miranda warnings to
Appellant.[3]  Thereafter, Officer Bledsoe questioned Appellant
about his having had sexual relations with the victim.  At that time, Appellant gave a statement that
he had engaged in sexual relations with her two years earlier, but he denied
having done so on that night.  

Following the investigation, Appellant was charged by
indictment with one count of aggravated sexual assault, allegedly committed in
2004 when the victim was under age fourteen, and two counts of sexual assault,
one alleged to have occurred on May 12, 2006, and the other on May 13, 2006,
when the victim was over age fourteen. 
The jury convicted Appellant in count one of the lesser included offense
of sexual assault, acquitted him in count two, and convicted him of sexual
assault in count three.  After the jury
assessed a sentence of twenty years confinement and a fine of $10,000 as to
each offense, this appeal followed.

Analysis

Appellant challenges the trial court's ruling on his oral
motion to suppress his statement by four issues in which he contends the
evidence is "legally or factually insufficient" to show (1) his
statement was voluntary, (2) he was properly warned, (3) he waived the right to
remain silent and the right to counsel, and (4) his statements were obtained in
compliance with article 38.22 of the Texas Code of Criminal Procedure.  Although Appellant's complaints are couched
as challenges to the sufficiency of the evidence and his cited authorities
relate to such complaints,[4] essentially,
he is challenging the trial court's denial of his motion to suppress.  By his fifth issue, Appellant questions
whether the trial court erred in failing to submit a jury instruction regarding
the voluntariness of his statement.

I. 
Motion to Suppress

A.  Standard of Review

A trial court’s ruling on a motion to suppress is reviewed
for abuse of discretion.  Balentine v. State, 71 S.W.3d 763, 768
(Tex.Crim.App. 2002); Hudson v. State,
247 S.W.3d 780, 783 (Tex.App.–Amarillo 2008, no pet.).  Almost total deference is given to a trial
court’s determination of historical facts, especially when the trial court’s
fact findings are based on an evaluation of the credibility and demeanor of a
witness.  St. George v. State, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007); Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997).  The same level of
deference is also afforded to a trial court’s ruling on application of law to
fact questions or mixed questions of law and fact if the resolution of those
questions also turns on an evaluation of credibility and demeanor.  Montanez
v. State, 195 S.W.3d 101, 108-09 (Tex.Crim.App. 2006).  However, if mixed questions of law and fact
do not fall within these categories, appellate courts may conduct a de novo review of the trial court’s ruling. Guzman, 955 S.W.2d at 87.   

The trial court is the sole factfinder at a suppression
hearing, and it may believe or disbelieve all or any part of a witness's
testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex.Crim.App. 2000).  The trial
court may make reasonable inferences from the evidence presented.  State
v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008).

            When, as here, no
findings of fact were requested nor filed, we view the evidence in the light
most favorable to the trial court’s ruling and assume the trial court made
implicit findings of fact supported by the record.  Ross,
32 S.W.3d at 855-56.  The trial court's
ruling will be upheld if it is reasonably supported by the record and is
correct under any theory of law applicable to the case.  Ramos
v. State, 245 S.W.3d 410, 418 (Tex.Crim.App. 2008).

B. 
Analysis of Issues One, Two, Three, and Four

Following voir dire but prior to the State's opening argument,
the State and defense counsel conducted voir dire examination of Officer
Bledsoe to determine the admissibility of Appellant's statement that he had
engaged in sexual relations with the victim two years before the night she was beaten.  Officer Green did not testify, however,
according to Officer Bledsoe, who used his police report to refresh his memory,
Officer Green issued Appellant Miranda warnings
before he was questioned about a possible sexual assault.  When Appellant gave his statement, he was not
under arrest or handcuffed.  Although Officer
Bledsoe could not recall whether he was present when Appellant was Mirandized, he was confident that
Officer Green administered the warnings prior to questioning or it would not
have been memorialized in his report. 
Officer Bledsoe could not, however, recall if Appellant indicated that
he understood his rights or whether he affirmatively waived those rights.

Defense counsel argued that Appellant was considered a sexual
assault suspect and because he was not properly Mirandized, his oral statement should be suppressed.  The State countered that it didn't matter
whether Appellant was properly Mirandized
because Appellant's statements were not the result of a custodial
interrogation.  The court agreed, finding
that the evidence was "uncontradicted that the defendant's Miranda rights were read to
him."  

Notwithstanding the court's position, defense counsel additionally
contended that Appellant's statements were inadmissible because they were
involuntary.  The trial court explained
that Appellant's statement did not rise to the level of "the character of
a voluntary statement."  The court
added:

As to the voluntariness of any confession or anything
like that, I don't think we're talking about that.  I think we're talking about a simple
statement made to a police officer as a witness at the scene. 

 

            Defense counsel responded:

 

 

            No, Your Honor, I'm not -- I'm not trying to make --
argue that it was involuntary or anything like that.  I'm just trying to say, Your Honor, the focus
of the investigation was on my client at that particular time and --

 

            The court
responded:  "And he was given his Miranda warnings."  The court overruled his objection,
Appellant's statements were eventually admitted into evidence, and the court granted
him a running objection to Officer Bledsoe's testimony regarding the issue.

            The
warnings required by Miranda and §
3(a)(2)
of article 38.22 of the Texas Code of Criminal Procedure are intended to
safeguard a person's privilege against self-incrimination during custodial interrogation.  Herrera
v. State, 241 S.W.3d 520, 525 (Tex.Crim.App. 2007).  Therefore, unwarned statements obtained as a
result of custodial interrogation may not be used as evidence by the State in a
criminal proceeding during its case-in-chief. 
Id. at 525.  It is, however, the defendant's burden to
prove that a statement was the product of a custodial interrogation.  Id. at 526.

The Supreme Court has defined custodial interrogation as
"questioning initiated by law enforcement officers after a person has been
taken into custody or otherwise deprived of his freedom of action in any
significant way."  Id., citing Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d
694 (1966).  When considering
"custody" for Miranda
purposes, the reasonable person standard is utilized, i.e., a person is in
custody if, under the circumstances, a reasonable person would believe his
freedom of movement was restrained to the degree associated with a formal
arrest.  Herrera, 241 S.W.3d at 525. 
In that regard, at least four general pre-arrest situations have been
identified as constituting custody: (1) when the suspect is physically deprived
of his freedom of action in any significant way, (2) when a law enforcement
officer tells the suspect that he cannot leave, (3) when law enforcement
officers create a situation that would lead a reasonable person to believe that
his freedom of movement has been significantly restricted, and (4) when there
is probable cause to arrest and law enforcement officers do not tell the
suspect that he is free to leave.  Dowthitt v. State, 931 S.W.2d 244, 255
(Tex.Crim.App. 1996).

            Here, Appellant
was not under arrest nor was his freedom of movement restrained or otherwise restricted
by law enforcement when questioned about his sexual relationship with the
victim.  There is nothing in the record
to suggest that Appellant was in any of the situations which would constitute
custody.  Appellant contends he was a
suspect when questioned and "Miranda
attached."  Officer Bledsoe's
subjective belief about whether he was a suspect does not factor into a custody
determination unless that belief was somehow conveyed to Appellant.  Herrera,
241 S.W.3d at 525-26, citing Stansbury v.
California, 511 U.S. 318, 323-25, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994).  Nothing in the record reflects that the
officers conveyed to Appellant that he was a suspect in a sexual assault
investigation at the time he gave his statement to Officer Bledsoe.  The court found that Appellant gave a
"simple statement" to a police officer "as a witness at the
scene."

            The trial
court's ultimate "custody" determination presents a mixed question of
law and fact.  Herrera, 241S.W.3d at 526, citing Thompson v. Keohane, 516 U.S. 99, 112-13,
116 S.Ct. 457, 133 L.Ed.2d 383 (1995). 
Therefore, we afford almost total deference to the trial court's
determination of questions of historical fact turning on credibility and
demeanor.  Herrera, 241 S.W.3d at 526.  

            Officer Bledsoe's testimony
regarding the circumstances surrounding Appellant's statement and his being Mirandized were uncontradicted.  During the suppression hearing, the trial
court found that at the time of his statement Appellant was not in custody, his
statement was not coerced, and Appellant had indeed been given his Miranda warnings by Officer Green.  Accordingly, we conclude that § 3(a)(2) of article
38.22, was not implicated by the facts of this case.  Applying the level of deference we are
required to give in reviewing a suppression ruling, we conclude the trial court
did not abuse its discretion in denying Appellant's motion to suppress his
statement that he had engaged in sexual relations with the victim two years
earlier.  Issues, one, two, three, and
four are overruled.

  II. Jury Instruction on Voluntariness of Appellant's Statement

            A. 
Article 38.22, §§ 6 and 7

            By his fifth issue, Appellant challenges the voluntariness of his
statement and whether he was properly warned of his rights and competently
waived those rights.  Article 38.22, § 6
provides that "[i]n all cases where a question
is raised as to the voluntariness of a statement of an accused, the court must
make an independent finding in the absence of the jury as to whether the
statement was made under voluntary conditions. 
Article 38.22, § 7 provides that "[w]hen the issue is raised by the
evidence, the trial judge shall appropriately instruct the jury, generally, on
the law pertaining to such statement." 
Tex. Code Crim. Proc. Ann. art. 38.22, §§ 6 and 7
(Vernon 2005).  

            In Oursbourn v. State, 259 S.W.3d 159, 175-76
(Tex.Crim.App. 2008), the Court held that when the evidence raises an issue of the '"voluntariness"
of a defendant's statement under article 38.22, the trial court shall give a
general instruction under sections 6 and 7 because it is the law applicable to
the case.  (Emphasis added).  "The issue" refers to compliance
with the statutory warnings set out in both articles 15.17 and 38.22, sections
2 and 3 of the Texas Code of Criminal Procedure, and the voluntariness of the
defendant's waiver of his rights.[5]  Id.

            Article
15.17 imposes a duty on an arresting officer to take an arrested person before
a magistrate to provide certain warnings. 
Tex. Code Crim. Proc. Ann. art. 15.17(a) (Vernon Supp. 2009).  Appellant was not arrested on the night in
question; thus, no "issue" was raised by the evidence requiring
compliance with the statutory warnings of article 15.17(a).  Article 38.22, section 3 applies to oral
statements of an accused made as a result of custodial interrogation.  Tex. Code Crim. Proc. Ann. art. 38.22, § 3
(Vernon 2005).  We have previously
determined that the oral statement given by Appellant to Officer Bledsoe was
not the result of custodial interrogation; thus, the requirements for
admissibility enumerated in section 3(a) do not apply.  Moreover, as the State points out, defense
counsel's position regarding the voluntariness of Appellant's statement was,
"I'm not trying to make -- argue that it was involuntary or anything like
that."  

            Accordingly,
we conclude that based on the record before us, Appellant's statement was not
the result of custodial interrogation requiring compliance with certain
warnings and admonitions.  Thus, we need
not address whether Appellant voluntarily waived his rights.  We hold the trial court did not err in
failing to instruct the jury on the voluntariness of Appellant's statement.  Issue five is overruled.

Conclusion

            Having overruled Appellant's five issues, the trial court's judgment is
affirmed.

 

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

Do not publish.

 

 

                                                                                    

 

 











[1]Tex.
Penal Code Ann.  § 22.011(a)(2)
(Vernon Supp. 2009).





[2]Appellant
was born on February 23, 1985. 
Therefore, at this time, Appellant was either eighteen or nineteen years
old.





[3]Miranda v. Arizona, 384
U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).





[4]Sufficiency
of the evidence complaints are directed toward elements of an offense.  Voluntariness of a statement and subsidiary
issues which flow therefrom are not elements of an offense.





[5]Article
38.22, section 2 applies to written statements and does not apply in this case.